OPINION
{¶ 1} Defendant-appellant George B. Emig appeals the February 27, 2002 Judgment Entry of the Coshocton County Probate Court which determined appellant had concealed an asset of the Estate of Vernon E. Thompson, deceased. Plaintiff-appellee is Monyeene Elliott.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Beginning in 1987, appellant and his wife, Virginia Emig, associated on a daily basis with Vernon Thompson. On May 22, 1995, appellant arranged for the decedent to be transferred from Guernsey Memorial Hospital to College Park Nursing Home. Mr. Thompson resided in the nursing home from May 22, 1995, until his death on September 12, 1998.
 {¶ 3} On June 16, 1995, Mr. Thompson executed a power of attorney naming appellant as attorney. One month later, on July 5, 1995, Mr. Thompson executed an application for conservatorship and asked appellant serve as his conservator.
 {¶ 4} On September 16, 1995, Mr. Thompson's attorney, Bruce Powell, advised appellant Mr. Thompson had revoked the power of attorney naming appellant as his attorney in fact. A copy of the document revoking the power of attorney was attached to the letter.
 {¶ 5} On October 10, 1995, the Guernsey County Probate Court named George Emig as the conservator of Mr. Thompson. At trial, appellant testified the entries naming him conservator granted him full power over the person and property of the ward for an indefinite period, with no limiting or restricting orders. However, appellant also testified Judge Urbanowitz instructed appellant Mr. Thompson's assets were to remain in Mr. Thompson's name. Apparently, this instruction took place at the October 6, 1995 hearing. The October 10, 1995 Judgment Entry appointing appellant as the conservator granted him full conservator powers, but stated "no expenditures shall be made without prior court authorization."
 {¶ 6} On October 25, 1995, Mr. Thompson executed his last will and testament.
 {¶ 7} On March 5, 1997, appellant, as conservator, purchased a $100,000 C.D. for Mr. Thompson from Bank One by liquidating and consolidating three of Mr. Thompson's CDs held at the same bank. The new C.D. was established as a joint account in the name of Mr. Thompson and appellant's wife, Virginia Emig. Appellant claims he did this at the direction of Mr. Thompson. However, the trial court noted appellant did not take Mr. Thompson to the bank to authorize the $100,000 liquidation and purchase, even though appellant routinely took Mr. Thompson any other place Mr. Thompson wanted to go. Further, appellant liquidated the CDs and repurchased the $100,000 C.D. using the defunct power of attorney rather than by utilizing his power under the conservatorship. The trial court questioned this action, noting appellant knew Mr. Thompson had previously revoked the power of attorney.
 {¶ 8} On July 10, 1998, the probate court approved the second accounting appellant filed as conservator. That accounting listed the Bank One CD, but did not notify the court of the conservator's consolidation of the three CDs liquidated to purchase that certificate. The accounting also did not indicate appellant added a joint and surviviorship ownership interest for his wife.
 {¶ 9} On August 28, 1998, appellant established a living trust for Mr. Thompson. The trust contained a provision disinheriting any beneficiary who might challenge the will or the living trust. Appellant transferred all of the assets contained within the conservatorship into the living trust.
 {¶ 10} At a December 2, 1998 hearing before the trial court, appellant, acting as conservator, testified that all property contained within the conservatorship, with the exception of one bank account, had been rolled over into the trust. In a December 23, 1998 Judgment Entry, the trial court filed an order dissolving the living trust, and ordering appellant to file a final account by January 29, 1999.
 {¶ 11} On February 26, 1999, appellant filed an amended, third, final accounting in the conservatorship which showed an itemized statement of all funds, including the Bank One CD. Within this accounting, appellant indicated he received all money and other assets as shown on the final account. Further, in an affidavit attached to the accounting, appellant averred he had been named executor of the estate, and that he would transfer all monies set forth in the final accounting into the probate estate account for distribution pursuant to the terms of the will. The amended third accounting did not indicate the changes in ownership of the Bank One CD.
 {¶ 12} On July 22, 1999, the trial court filed an Entry approving and settling the account and discharging appellant as conservator. On November 26, 1999, appellant filed a final account within the estate. The Bank One C.D. did not appear on the estate inventory.
 {¶ 13} On December 27, 1999, appellee filed a complaint for recovery of assets and exceptions to the executor's account. In her complaint, appellee maintained appellant improperly directed $100,000 to his wife through the C.D. from Bank One. Because appellant failed to include these disputed assets on the accountings of the estate, appellee contends appellant, as executor of the estate, concealed and wrongfully conveyed those assets.
 {¶ 14} Appellant responded he had not engaged in any wrongful or culpable conduct because Mr. Thompson, as the ward of the conservatorship, verbally authorized appellant to establish the CD. Appellant further argued the asset was properly reported to the probate court in both the conservatorship action and in the estate.
 {¶ 15} The matter proceeded to a hearing on June 19, 2001, and September 10, 2001. In a February 27, 2002 Judgment Entry, the trial court found appellant had concealed the $100,000 CD. On March 6, 2002, appellant filed his request for findings of fact and conclusions of law. In a March 11, 2002 Judgment Entry, the trial court denied appellant's request. Appellant appeals the February 27, 2002 Judgment Entry assigning one error for our review:
 {¶ 16} "I. whether the trial court committed prejudicial error in its finding that appellant concealed an asset of the estate pursuant to O.R.C. Section 2109.50."
 I. {¶ 17} In his sole assignment of error, appellant maintains the trial court erred in finding he concealed the Bank One account as an asset of the estate. While appellant concedes he purchased the C.D. using the revoked power of attorney, he contends his powers under the conservatorship permitted his actions. Further, appellant maintains he rebutted the presumption of undue influence which arose, when he, as a fiduciary, purchased this CD. We disagree with appellant's contentions.
 {¶ 18} R.C. 2109.52 states the probate court:
 {¶ 19} "* * * shall determine, * * * whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of monies, chattels, or chooses in action of the trust estate.
 {¶ 20} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 21} As noted above, appellant purchased the C.D. with a power of attorney on March 5, 1997. Appellant had been notified, however, in a September 16, 1995 letter that this power of attorney had been revoked. Appellant contends he had the power as the conservator to facilitate this transaction. However, the record demonstrates the conservatorship required appellant receive court approval for any "expenditures."
 {¶ 22} Further, the record indicates appellant's third amended and final accounting for the conservatorship demonstrated the C.D. was one of the decedent's assets. In his affidavit attached to the final accounting of the conservatorship, appellant acknowledged that he had received all money and assets shown on the final accounting, and would transfer all monies therein to the probate estate. Because appellant was also the executor of the estate, he was responsible for providing an accounting with the estate. However, the C.D. was not included in the accounting for the estate. Rather the CD, which appellant had purchased for the decedent as a joint and survivorship account, went immediately to appellant's wife upon Mr. Thompson's death. In its February 27, 2002 Judgment Entry, the trial court found appellant's wife cashed in the C.D. and used the proceeds to benefit herself and appellant. Finding of Fact 27.
 {¶ 23} We find the trial court's determination appellant was guilty of concealing the C.D. was supported by competent, credible evidence.
 {¶ 24} Appellant's sole assignment of error is overruled.
 {¶ 25} The February 27, 2002 Judgment Entry of the Coshocton County Probate Court is affirmed.
By: Hoffman, P.J., Gwin, J. and Wise, J. concur.
topic: tc's decision ant concealed an estate asset support by competent credible evidence.